The case states that the lessor of the plaintiff never entered into the lands proved on the trial to be in the defendant's possession; and it does not appear, by express statement or by any sufficient implication, that she was possessed of any of the lands covered by the patent under which George Pollock claimed title. Consequently, the first question for the opinion of this Court does not arise upon the facts stated in the record. It cannot be material to the plaintiff whether a tenant at will can maintain ejectment, if the lessor of the plaintiff was not such a tenant. A tenancy at will cannot be created until, by force of the lease, the tenant obtains possession. Before entry, the lease is a bare contract. Since, therefore, the lessor of the plaintiff had no title, she ought not to have obtained a verdict; and the Court is bound to take notice that the plaintiff hath not made out a case in point (587) of law, on which he can recover, although the defendant's counsel shall not make any objection. There must, therefore, be a new trial. But, since from the verdict we are to presume, for the present, that the merits are for the plaintiff, it would be unjust to favor the defendant so far as to allow him an opportunity of a second investigation of them but upon such terms as will enable the plaintiff to go to trial upon the merits. The new trial must consequently be granted upon the terms that the plaintiff may add such counts upon other demises as may be thought proper.
The rest of the Court* concurred.
* DANIEL, J., gave no opinion. *Page 424